IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERVIN BRADHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:20-cv-604-ECM |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION and ORDER**

On March 24, 2023, the Magistrate Judge entered a Recommendation that the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 be denied without an evidentiary hearing. (Doc. 20). The Petitioner filed objections to the Recommendation. (Doc. 21). The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections. For the reasons that follow, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S.*

by *Ernest S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)). Otherwise, a Report and Recommendation is reviewed for clear error.

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections. To the extent the Petitioner makes conclusory assertions that he is entitled to relief but does not point to any legal error committed by the Magistrate Judge, his general objections are reviewed for clear error, and are due to be overruled.

However, the Petitioner raises one objection to the Magistrate Judge's recommendation that is sufficiently specific to warrant *de novo* review. Specifically, the Petitioner asserts that he was entitled to an evidentiary hearing on his petition because his prior counsel failed to file an affidavit in the time allotted by the Magistrate Judge.

> A Section 2255 petitioner is entitled to an evidentiary hearing "if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin*, 767 F.3d at 1216 (cleaned up). "A petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.*

> (cleaned up). "However, a district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id.* (cleaned up); *see also Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) (district court need not conduct an evidentiary hearing if the record conclusively shows petitioner is not entitled to relief).

*Ochoa v. United States*, 45 F.4th 1293, 1300 (11th Cir. 2022), *cert. denied,* No. 22-781, 2023 WL 2563339 (U.S. Mar. 20, 2023).

The Petitioner's objection is due to be overruled because the Petitioner's allegations were contradicted by and unsupported by the record. The Magistrate Judge resolved the Petitioner's ineffective assistance of counsel claims based on the record before her, including the Petitioner's sworn statements during the guilty plea colloquy, the contents of his plea agreement, and after reviewing the transcript of the Petitioner's sentencing. The record conclusively demonstrated that the Petitioner was not entitled to an evidentiary hearing, and, thus, his objection on this basis is due to be overruled.

## CONCLUSION

Accordingly, upon an independent review of the file in this case and for good cause, it is

ORDERED as follows that:

1. the Petitioner's objections (doc. 21) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 20) is ADOPTED;

3. the motion to vacate, set aside, or correct is DENIED; and

4. this case is dismissed.

A separate final judgment will be entered.

DONE this 26th day of April, 2023.

                                          /s/ Emily C. Marks  
                                EMILY C. MARKS  
                                CHIEF UNITED STATES DISTRICT JUDGE